C. H. Lee, for appellant.

---

## JAMES A. TURNER v. CYRUS ALLEY.

**Attachment—Improper Levy No Defense to Action.**

An improper levy by the sheriff on realty owned by a defendant instead of on his personal property, is no defense to an attachment suit. The remedy of the party aggrevied is against the sheriff for making an improper levy.

APPEAL FROM MORGAN CIRCUIT COURT.

June 26, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Alley sued out an attachment against the estate of Turner on a debt due of $200, which the sheriff levied upon a house and lot in West Liberty.

Judgment went by default upon the debt, but the attachment was continued. At the succeeding term of the court, Turner put in an answer, in which he stated the consideration of the notes to be purchase price for some lots in Morehead, but his defense was that the sheriff levied on realty, when he was the owner of sufficient personalty to satisfy the debt, which must have been known to the plaintiff and the sheriff, but he does not say they really knew of it or where it was, and the fact that he was so acting as to authorize an attachment, which fact he does not controvert, raises the presumption that the sheriff did not know of it, at least he never tendered any personalty in discharge of the levy upon the realty, and his subsequent total insolvency, as shown in the case of other attaching creditors, having exhausted his estate without entire satisfaction of their claims, still fortifies this presumption, but if this were not so, we apprehend his remedy would be against the sheriff for making an improper levy and is no defense to the attachment, which secured a lien upon his personal and real estate. It is not really a defense to the attachment but a complaint as to the levy.

This appeal is by Turner against Alley, therefore no question of priorities as to the other attaching creditors can be considered, nor does Turner in his answer, nor any other paper in the cause set out that Alley had a lien upon the lots in Morehead. Every sale of land does not necessarily retain a lien, or this may be waived afterwards, but even if there was a lien this was no defense to his attachments, perhaps in equity the other attaching creditors could have compelled Alley to first exhaust this lien before resorting to the attached funds but they took no such steps. The court correctly adjudged a sale of the house and lot for Alley's benefit, wherefore the judgment is affirmed without damages, it not having been suspended.

*Major & Rodman, for appellee.*